**ATLAS RAILROAD CONSTRUCTION COMPANY Plaintiff**

v.

**COLUMBUS & GREENVILLE RAILWAY COMPANY Defendant**

**No. 4:01CV290–D–A.**

United States District Court, N.D. Mississippi, Greenville Division.

Feb. 7, 2002.

of the old act with section 3773 of the newer act, this Court finds that the two are substantively identical.

David Watkins Mockbee, Mockbee Hall & Drake, Jackson, MS, for Atlas Railroad Construction Company, plaintiff.

David L. Sanders, Mitchell, McNutt, Threadgill, Smith & Sams, Columbus, MS, for Columbus and Greenville Railway Company, defendant.

### OPINION DENYING MOTION TO REMAND

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiff's motion to remand this matter to the Circuit Court of Leflore County, Mississip-

pi. Upon due consideration, the court finds that the motion should be denied because diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

### A. Factual Background

On March 6, 2000, the Plaintiff and the Defendant entered into a contract in which the Plaintiff agreed to remove and relocate part of the Defendant's railroad line and related track materials in return for payment in the amount of $1,926,212.45. The Plaintiff commenced work on the project, but the parties' relationship deteriorated. Specifically, the Plaintiff asserts that it completed work on the project but was paid only $1,617,557.09 of the original contract amount, some $308,655.36 less than it was owed. In addition, the Plaintiff asserts that it incurred additional costs in the amount of $909,260.77, for which the Defendant is liable but which the Plaintiff has not been paid.

The Plaintiff filed suit in the Circuit Court of Leflore County, Mississippi, on October 18, 2001, alleging that the Defendant breached the parties' March 6, 2000, contract. In the complaint, the Plaintiff seeks damages in the amount of $1,217,916.13. In addition, the Plaintiff seeks to enforce a construction lien the Plaintiff placed on the portion of the Defendant's railroad that the Plaintiff removed and relocated. The Defendant removed the action to this court on November 21, 2001, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The Plaintiff subsequently motioned the court to remand this matter to state court.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United

States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). After removal of the case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c).

Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 751 (5th Cir.1996). In this case, there is no dispute that the amount in controversy exceeds $75,000, nor is there any dispute that the parties are citizens of different states—the Plaintiff is a Pennsylvania corporation, the Defendant is a Mississippi railroad authority.

The Plaintiff asserts, however, that the court does not possess diversity jurisdiction over this cause because the Mississippi statute concerned with the enforcement of construction liens states that "[a]ny person entitled to and desiring to have the benefit of such lien shall commence his suit in the circuit court of the county in which the property or some part thereof is situated . . ." *See* Miss.Code. Ann. § 85–7–141 (1999). The Plaintiff argues that this provision divests this court of its diversity jurisdiction over this cause because Count II of the Plaintiff's complaint is concerned with the enforcement of a construction lien it has placed on a portion of the Defendant's property. Thus, argues the Plaintiff, this case must remain in state court despite the fact that this action is between citizens of different states and the amount in controversy exceeds $75,000.

As set forth below, the court finds that the Plaintiff's arguments are misplaced. Accordingly, federal diversity jurisdiction

is present, and the Plaintiff's motion to remand shall be denied.

### C. Discussion

The jurisdiction of the United States District Courts is fixed by the Congress, its acts being in implementation of Article 3, Section 2 of the United States Constitution. *See* U.S. Const., art. 3, §§ 1, 2. The Constitution provides that the judicial power of the United States shall extend to controversies between citizens of different states. *See* U.S. Const., art. 3, § 2. Congress has authorized exercise of that power if the amount in controversy exceeds a specified amount, now $75,000. *See* 28 U.S.C. § 1332(a).

■ It is axiomatic that federal diversity jurisdiction cannot be affected, restricted, or defeated by state legislation giving state courts exclusive jurisdiction over the matter involved. *See, e.g., Railway Co. v. Whitton's Administrator*, 13 Wall. 270, 80 U.S. 270, 286, 20 L.Ed. 571 (1871) ("Whenever a general rule as to property or personal rights, or injuries to either, is established by State legislation, its enforcement by a Federal court in a case between proper parties is a matter of course, and the jurisdiction of the court, in such case, is not subject to State limitation."); *Akin v. Louisiana Nat. Bank of Baton Rouge*, 322 F.2d 749, 754 (5th Cir.1963) (holding, in diversity case, that "[f]ederal jurisdiction cannot be defeated by a state statute prescribing the court in which the action is to be brought.").

■ The cases that federal courts adjudicate pursuant to their diversity jurisdiction do involve rights created by a State, rights that are subject to definition, limitation and, potentially, negation by that State. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). While the Supreme Court's *Erie* decision does give the States a means of

indirectly limiting federal diversity jurisdiction, by denying relief to a particular class of litigants or claims—thereby ensuring that a federal court exercising diversity jurisdiction cannot entertain the suit—the cases cited above foreclose any doubt as to the viability of the long-standing rule that States have no power to enlarge or restrict federal jurisdiction. *See, e.g., Markham v. City of Newport News*, 292 F.2d 711, 713 (4th Cir.1961). Accordingly, the Plaintiff's contention that Section 85–7–141 of the Mississippi Code restricts federal diversity jurisdiction over cases that involve the enforcement of construction liens is without merit.

### D. Conclusion

In sum, pursuant to the authority cited herein, the court finds that federal subject matter jurisdiction exists over this cause pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum of $75,000.00, and is between citizens of different states. As such, this court possesses subject matter jurisdiction to adjudicate this cause and the Plaintiff's motion to remand shall be denied.

A separate order in accordance with this opinion shall issue this day.

### ORDER DENYING MOTION TO REMAND

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiff's motion to remand this cause to the Circuit Court of Leflore County, Mississippi, (docket entry 6) is DENIED; and

(2) this cause of action remains in the jurisdiction of the United States District Court for the Northern District of Mississippi.